**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOSS STUDIO LLC, a Wyoming LLC; and REHAAB HAQUE, an individual, <br><br> Plaintiffs, <br><br> -against- <br><br> VLADISLAV POPOV, an individual; and ANDREI ACUÑA, an individual, <br><br> Defendants. | Case No.: 1:26-cv-04323-GBD <br><br><br> **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ANDREI ACUÑA** |

**TO:    DEFENDANT ANDREI ACUÑA AND HIS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. 26 and 34, plaintiffs hereby serve this First Request for Production of Documents to Defendant Andrei Acuña ("Defendant").  Defendant must produce all requested items either as they are kept in the ordinary course of business, or segregated according to each request.  The documents must be produced within seven (7) days of service of this request to Joseph M. Levy, Markowitz Herbold PC, 1455 SW Broadway, Suite 1900, Portland, Oregon 97201.

**INSTRUCTIONS**

1.    <u>Electronically Stored Information</u>.  Electronically Stored Information includes all documents that exist in electronic format.

2.    Format for production of documents:  Unless otherwise indicated, all Electronically Stored Information should be produced in single-page TIFF format with metadata fields preserved in the load file.  The load file should be produced in a format capable of being imported into Relativity litigation software and should include an "@edoc" token for native file.

a.    b.    All hard copy documents for which native electronic files never existed, no longer exist, or are not reasonably accessible also should be produced in single-page

TIFF format, with documents logically doc broken, and capable of being loaded into Relativity litigation software.  This includes, but is not limited to, scanned images of those documents that contain unique information after they were printed out, such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions.  All scanned documents should be kept as they are in the regular course of business or in the alternative provide information identifying the custodian for each document.  A single PDF of all scanned hard copy documents is not acceptable.

b.      Emails should be produced in single-page TIFF format.  Production of emails must include all metadata relating to any given email (e.g., follow-up or importance flags set by the sender or recipient, the identity of individuals who were sent a "bcc" or blind carbon copy of the email, etc.), and any electronic attachments.

c.      Excel documents should be produced in native format with all metadata preserved.  Spreadsheets created with other software should be produced in a comma delimited format capable of being opened in Excel, if feasible.

d.      PowerPoint documents should be produced in native format with all metadata preserved, including speaker notes.

e.      All native Word documents containing any revisions or markups should be processed in a way that all markups, redlines, or comments are captured in the TIFF version prepared to load into Relativity software database.

f.      All logs should be produced in native format.

g.      Audio, video, or other recorded information shall be provided separately on a DVD or other storage device capable of being played on Windows 7 in a .wav or .mpeg format.

h.      All files shall be labeled with a Bates or control number.

i.      Parent/child attachment relationships shall be maintained, and load files should include attachment IDs and parent IDs that maintain the parent/child relationship in a Relativity database.

j.      All image files should have a minimum resolution of 300 dpi and meet commonly accepted production standards to ensure that the image file is reliable and authentic. All image files should include an OCR text file.  The load file should include @FULLTEXT DOC for multi-page text files or @FULLTEXT PAGE for single page text files.  Text files should be grouped in the same folders as image files.

k.      Metadata fields should include: DocID or Control Number, Production Begin, Production End, Production Begin Attachment, Production End Attachment, ParentDocID, Page Count, To, From, CC, BCC, Subject, DateTime Primary Parent, DateTimeCreated, DateTimeSent, DateTime Received, DateTimeModified, DateTimesys Accessed, Appointment Start Time, Appointment End Time, File Extension, File Name, File Size Bytes, File Type, Custodian, Md5 Hash, Author, Title, DocLink, and FilePath.  Date fields must contain valid date formats (mm/dd/yyyy) and dates and times should be together in a standard datetime format (mm/dd/yyyy hh:mm:ss AM/PM).  Multi choice fields should be separated via; which is the standard for Relativity deliverables.

l.      Plaintiff reserves the right to request additional documents in native format if it is determined the document is not readable or usable in a TIFF format.

3.      <u>Possession, custody, or control</u>.  This request requires production of documents or things that are in your possession, custody, or control, and documents or things that are in the possession, custody, or control of your agents, employees, accountants, attorneys,

3

representatives, or other persons who have documents deemed to be in your possession, custody, or control.

4.    Excerpts and redactions.  Whenever a document is not produced in full (as, for example, when material is excerpted or redacted from a document), state with particularity the reasons why the document was not produced in full, and describe to the best of your knowledge, information, or belief, and with as much particularity as possible, those portions of the document that are not produced, including the content or substance of the content thereof.

5.    File organization.  File folders, complete with tabs or labels, are to be produced for each file folder in your files from which documents are produced in response to this discovery request.

6.    Usual course of business.  If responsive documents are kept together in the usual course of business, they are to be produced in that order, to fairly reveal and not to distort the order of your filing and record keeping system.  Documents attached to each other should not be separated.  File folders, complete with tabs or labels, are to be produced for each file folder in your files from which documents are produced in response to this discovery request.  The file folders must be produced intact with the documents produced therefrom.

7.    Equally available/produced by another party.  The fact that a document is equally available to another party, or produced by another party, does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

8.    Written responses.  You are required to serve a written response to the requests to produce within seven days after service.  The response shall state, with respect to each item or category, that inspection or production will be permitted as requested, unless the request is

4

objected to, in which event the reasons for the objection shall be stated.  If objection is made to part of an item or category, the part shall be specified.

9.      Privilege.  If You contend that You are entitled to withhold from production any or all documents identified herein on the basis of attorney-client privilege, work-product doctrine, or any other ground, then do the following with respect to each and every document:

a.      Describe the nature of the document, in sufficient particularity to identify it and to enable You to identify or disclose it in response to an order of the court, including the date and subject matter of such document;

b.      Identify the person(s) who prepared the document;

c.      Identify the person(s) who sent and received the original and a copy of the document, or to whom the document was circulated, or its contents communicated or disclosed; and

d.      State the basis upon which You contend You are entitled to withhold the document from production.

10.      Documents Outside Your Possession or Control.  If documents existed that were responsive to any of these requests, but You contend that such documents no longer exist or are not within Your possession, custody, or control, then do the following with respect to each and every document:

a.      Describe the nature of the document, in sufficient particularity to identify it and to enable You to identify or disclose it in response to an order of the court, including the date and subject matter of such document;

b.      Identify the person(s) who prepared the document;

5

c.   Identify the person(s) who sent and received the original and a copy of the document, or to whom the document was circulated, or its contents communicated or disclosed; and

d.   State the circumstances which prevent production of the document.

11.   <u>Continuing requests</u>.  These requests are continuing and you must immediately produce additional responsive documents as may be later located or acquired by you.

**DEFINITIONS**

1.   "Communication" or "communications" refer to oral conversations, written correspondence, memoranda, telephone conversations, voice mails, text messages, instant messaging, social media posts, correspondence, notes, and electronic mail, whether as a sender, recipient, cc, or bcc.

2.   "Document" or "documents" refers to original and all copies of printed, written, recorded, electronic, or graphic matters, however produced or reproduced, including, but not limited to, correspondence, memoranda, notes, recordings (audio or video), emails, computer or electronic documents or files, calendars, appointment books, diaries, agreements, invoices, charge slips, pay stubs, receipts, books of account, vouchers, bank checks, working papers, and all papers or other tangible things similar to the foregoing, however denominated.

3.   "Electronically Stored Information" or "ESI" refers to all documents that exist in electronic format including, without limitation, all electronic mail, discs, hard drives, word processing, spreadsheets, database files, SMS, MMS, and text data, deleted data and system information, telephone records, graphics and multimedia, pager messages, financial and accounting information, vendor communications, company newsletters, and any other information kept in some electronic form.  Every document request includes information kept in electronic form, including the retrieval of deleted emails and other electronic information from

6

personal, home, or office computers, or other electronic information storage devices in the possession, custody, or control of Defendant.

4.      "Financial Account" means any account capable of holding or transferring monetary value, including any bank account, brokerage account, cryptocurrency wallet or exchange account, PayPal account, Venmo account, Cash App account, Wise account, Payoneer account, or account on any other payment platform.

5.      "Game Revenue" means all revenue, income, proceeds, or monetary value derived from *Anime Vanguards*, in any form, including Robux received through the Roblox group-payout system, Developer Exchange (DevEx) proceeds, and any other compensation attributable to *Anime Vanguards*.

6.      "Relate to," or "relating to," or "related to" means concerning, referring to, alluding to, responding to, in connection with, commenting on, in response to, about, regarding, announcing, explaining, discussing, showing, describing, studying, reflecting, analyzing, or constituting.

7.      "Relevant Period" refers to January 14, 2026 to the present.

8.      The terms "You," "Your," "Andrei Acuña," or "Defendant" means defendant Andrei Acuña and/or his predecessors, successors, officers, directors, employees, contractors, agents, accountants, attorneys, representatives, and all other persons who have documents or information deemed to be in their possession, custody, or control.

9.      Words in the singular include their plural meaning, and vice versa.  The past tense includes the present tense where the clear meaning is not distorted by a change of tense.  Words used in the masculine gender shall include the feminine gender, and words used in the feminine gender shall include the masculine gender.

10.    References to persons and other entities include their agents, employees, representatives, and attorneys.

11.    Unless otherwise specifically stated, all requests call for production of documents prepared, received, or dated at any time prior to and including the date of production.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**  Documents and Communications sufficient to identify every Roblox user account and Roblox group account through which Defendant has received or distributed Game Revenue during the Relevant Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  All Documents and Communications relating to all Developer Exchange (DevEx) transaction records and Robux exchange records reflecting the conversion of Robux to any other currency Relevant Period, including the amount, date, Financial Account, and individual or entity receiving the converted Robux.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  All Documents and Communications relating to Game Revenue generated by *Anime Vanguards* during the Relevant Period, including Roblox developer analytics reports, revenue dashboards, and any summaries or calculations prepared by or for defendants Vladislav Popov and/or Andrei Acuña.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  All documents and communications relating to any plan, proposal, offer, negotiation, or discussion during the Relevant Period to sell, transfer, assign, or wind-down *Anime Vanguards* or the Roblox group associated with *Anime Vanguards*.

**RESPONSE:**

8

DATED: July __, 2026                 MARKOWITZ HERBOLD PC


_____

Joseph M. Levy, *admitted pro hac vice*
JosephLevy@MarkowitzHerbold.com
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

Harry B. Wilson, NY # 5864483
HarryWilson@MarkowitzHerbold.com
603 3rd Avenue, Floor 16
New York, NY  10158
Telephone: (212) 909-2610

*Attorneys for Plaintiff Boss Studio LLC*


PERAINO MALINOWSKI LLP


_____

David M. Peraino
DPeraino@PMLaw.nyc
152 Madison Avenue, 16th Floor
New York, NY  10016
Telephone: (646) 930-8602

*Attorneys for Plaintiff Rehaab Haque*

9

## <u>ATTORNEY CERTIFICATE OF SERVICE</u>

I hereby certify that on July ____, 2026, I have made service of the foregoing

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO**

**DEFENDANT ANDREI ACUÑA** on the parties listed below in the manner indicated:

Caren Decter
Sean Kane
Frankfurt Kurnit Klein + Selz PC
28 Liberty Street
New York, NY  10005

*Attorneys for Defendants Vladislav Popov and Andrei Acuña*

☐   U.S. Mail
☐   Facsimile
☐   Hand Delivery
☐   Overnight Courier
☐   Email: CDecter@fkks.com; SKane@fkks.com
☐   Electronically via USDC CM/ECF system

DATED: July ____, 2026.

_____
Joseph M. Levy, OSB #231905
*Attorneys for Plaintiff Boss Studio LLC*

10