**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOSS STUDIO LLC, a Wyoming LLC; and REHAAB HAQUE, an individual, | Case No.: 1:26-cv-04323-GBD |
| Plaintiffs, | |
| -against- | **PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT ANDREI ACUÑA** |
| VLADISLAV POPOV, an individual; and ANDREI ACUÑA, an individual, | |
| Defendants. | |

**TO:    DEFENDANT ANDREI ACUÑA AND HIS ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. 26 and 33, plaintiffs hereby requests that defendant Andrei Acuña ("Defendant") respond to the following interrogatories separately, in writing, within seven (7) days after service.

## DEFINITIONS

The following definitions shall apply to Plaintiff Boss Studio LLC's First Set of Interrogatories to Defendant Andrei Acuña:

1.      "Communication(s)" or "communicate(d)" means any and all transmissions of information, in all forms and by all means, including, but not limited to, written, oral or electronic.

2.      "Document" means and refers to all written or graphic matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, including, but not limited to, letters, correspondence, memoranda, notes, email, films, transcripts, contracts, agreements, memoranda of telephone conversations or personal conversations, statements, notices, reports, ledgers, proposals, offers, orders, receipts, desk calendars, appointment books, diaries, timesheets, logs, movies, computer disks, computer files, any form

of computer storage or memory, recordings, records, writings, drawings, graphs, charts, photographs, phone records, or materials similar to any of the foregoing.  The term "document" includes all copies of a document which contain any additional writing, underlining, notes, deletions, or any other markings or notations, or are otherwise not identical copies of the original.

3.    "Financial Account" means any account capable of holding or transferring monetary value, including any bank account, brokerage account, cryptocurrency wallet or exchange account, PayPal account, Venmo account, Cash App account, Wise account, Payoneer account, or account on any other payment platform.

4.    "Game Revenue" means all revenue, income, proceeds, or monetary value derived from Anime Vanguards, in any form, including Robux received through the Roblox group-payout system, Developer Exchange (DevEx) proceeds, and any other compensation attributable to *Anime Vanguards*.

5.    "You," "Your," "Acuña," or "Defendant" means defendant Andrei Acuña and/or his predecessors, successors, officers, directors, employees, contractors, agents, accountants, attorneys, representatives, and all other persons who have documents or information deemed to be in their possession, custody, or control.

6.    "Parties" means the terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7.     "Person" means any natural person, individual, partnership, corporation, trust, estate, cooperative, association, business, legal or government entity, governmental subdivision or agency, or other entity.

8.     "Related to," "relating to," "concerning," or any variation of these phrases, shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, constituting, contradicting, comprising, regarding, or having a logical or factual connection with the subject matter in question.

9.     To "state the basis" means to provide the complete factual summary of each element of the claim, allegation, or denial.  The summary should chronologically describe each and every fact, action, and occurrence that relates to the particular claim, allegation, or denial.  In describing each such fact, action, and occurrence, (i) do so in accordance with the definitions of these terms set forth herein, (ii) identify each individual, entity, and organizational unit claimed to be involved therein, and (iii) in each instance, identify the source from which the information set forth in Your answer with respect to that particular fact, action, occurrence, document, individual, entity, and/or organizational unit, was obtained.

10.     "Identify" or "describe" means the following:

a.     When used in connection with natural persons, "identify" or "describe" means to give, to the extent known, the person's full name, present or last known address, the present or last known place of employment, and city of residence as well as the substance of the person's knowledge, where such knowledge was obtained, whether such knowledge was discussed with You, when such discussions occurred, who participated in such discussions, and the substance of all discussions.

3

b.        When used in connection with an entity, "identify" or "describe" means to state the entity's full name, last known address(es), telephone number, and organization form (e.g., corporation, sole proprietorship, partnership, joint venture, etc.).

c.        When used in connection with an act, "identify" or "describe" means to provide a description of the act, including the place, date, and time of its occurrence, and the person(s) and/or entity(ies) engaged in the act.

d.        When used in connection to a document, "identify" means to provide information sufficient to locate that document, including, but not limited to, the following: the date appearing on such document, or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title, or label on such document; a general description of such document (e.g., letter, memorandum, email, drawing, etc.); the title or heading; the number of pages of which such document consists; the name of each person who signed or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; and if the document existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it.

11.    The use of the word "including" shall be construed to mean "without limitation."

12.    "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the interrogatories inclusive rather than exclusive.

13.    The use of the singular shall be deemed to include the plural, and vice-versa.

## INSTRUCTIONS

A.    Each interrogatory must be answered separately and fully in writing under oath, unless it is objected to, in which event the reason(s) for objection shall be stated in lieu of an answer.

B.      You are under a duty to supplement your answers to the interrogatories with respect to the identity and location of persons having knowledge of discoverable matters and the identity of persons expected to be called as expert witnesses, as well as the subject matter on which they are expected to testify and the substance of their testimony.

C.      You are under a duty to amend a prior answer if you obtain information upon the basis of which you know that the answer was incorrect when made, or you know that the answer, though correct when made, is no longer true and the circumstances are such that a failure to amend the answer would be, in substance, a knowing concealment.

D.      You are required to serve a written answer to the interrogatories within 30 days after service.  If an interrogatory is objected to, the reasons for the objection shall be stated.  If objection is made to part of an item or category, the part shall be specified.

E.      An objection or claim of privilege directed to part of an interrogatory does not constitute an excuse for failure to respond to the parts of an interrogatory for which no objection or claim of privilege is made.  In the event you assert the attorney-client privilege and/or the work-product doctrine or any other privilege as to any information, knowledge, or fact requested by any of the following interrogatories, then, as to each interrogatory subject to such assertion, please indicate the basis of your assertion of privilege and identify the claimed privileged information, knowledge, or fact in sufficient detail to permit the Court to reach a determination as to the propriety of such assertion.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Identify every Financial Account into which Game Revenue has been transferred, credited, deposited, or converted during the Relevant Period, including the account holder name, institution or platform, account number or wallet address, and country of the account.

**ANSWER:**

5

**INTERROGATORY NO. 2:**  Identify all US-based assets owned or controlled by Defendant, including real property, financial accounts, investment accounts, cryptocurrency holdings, and interests in any business entity, as of July 24, 2026.

**ANSWER:**

**INTERROGATORY NO. 3:**  Identify every transfer of Game Revenue into any Foreign Financial Account during the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 4:**  Identify every individual who had authority to modify the *Anime Vanguards* Roblox group-payout system allocations during the Relevant Period.

**ANSWER:**

**INTERROGATORY NO. 5:**  Identify all *Anime Vanguards* Roblox group-payout system payout-percentage allocations during the Relevant Period and the corresponding dates of those allocations.

**ANSWER:**

DATED: July __, 2026            MARKOWITZ HERBOLD PC

Joseph M. Levy, *admitted pro hac vice*
JosephLevy@MarkowitzHerbold.com
1455 SW Broadway, Suite 1900
Portland, OR  97201
Telephone: (503) 295-3085

Harry B. Wilson, NY # 5864483
HarryWilson@MarkowitzHerbold.com
603 3rd Avenue, Floor 16
New York, NY  10158
Telephone: (212) 909-2610

*Attorneys for Plaintiff Boss Studio LLC*

6

PERAINO MALINOWSKI LLP


_____
David M. Peraino
DPeraino@PMLaw.nyc
152 Madison Avenue, 16th Floor
New York, NY  10016
Telephone: (646) 930-8602

*Attorneys for Plaintiff Rehaab Haque*

7

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on July ___, 2026, I have made service of the foregoing

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT ANDREI**

**ACUÑA** on the parties listed below in the manner indicated:

| | |
|---|---|
| Caren Decter<br>Sean Kane<br>Frankfurt Kurnit Klein + Selz PC<br>28 Liberty Street<br>New York, NY  10005<br><br>*Attorneys for Defendants Vladislav Popov and Andrei Acuña* | ☐ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☐ Overnight Courier<br>☐ Email: CDecter@fkks.com; SKane@fkks.com<br>☐ Electronically via USDC CM/ECF system |

DATED: July ___, 2026.

_____
Joseph M. Levy, OSB #231905
*Attorneys for Plaintiff Boss Studio LLC*

8