**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

BOSS STUDIO LLC, a Wyoming LLC; and
REHAAB HAQUE, an individual,

Case No.: 1:26-cv-04323-GBD

*Plaintiffs*,

**CROSS-MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11**

- against -

VLADISLAV POPOV, an individual; and
ANDREI ACUÑA, an individual,

*Defendants*.

-----------------------------------------------------------------x

## PRELIMINARY STATEMENT

In preparing and filing their papers seeking sanctions against Plaintiff Boss Studio and its attorneys, together with the attorneys for Plaintiff Rehaab Haque (collectively, "**Plaintiffs**") it appears Defendant Vladislav Popov's ("**Defendant**") counsel prepared their legal argument without internalizing the authority they were presenting. Had they done so, they would have understood that they themselves were committing the only sanctionable conduct present in the record. As is made clear below, the submission of a meritless motion for sanctions is, in and of itself, sanctionable under Fed. R. P. 11. The Motion for Sanctions, as defined below, is a prime example of an instance in which such sanctions are appropriate.

## STATEMENT OF FACTS

1. Plaintiffs, on July 24, 2026 submitted their *Ex Parte Motion for a Temporary Restraining Order, Order to Show Cause Re: Preliminary Injunction, and Expedited Discovery* [Dkt. 25] (the "**TRO Motion**"), together with its *Memorandum of Law in Support* [Dkt. 26].

2. The Court set Plaintiffs' TRO Motion for hearing on July 30, 2026 at 10:00 a.m. (the "**Hearing**"). *See* July 27, 2026 Order [Dkt. 32].

3. The day before the Hearing, on July 29, 2026 Defendant filed its *Memorandum of Law in Opposition to Plaintiff's Ex Parte Motion for a Temporary Restraining Order, and Order to Show Cause Re: Preliminary Injunction, and Expedited Discovery* (the "**Response**").

4. The Hearing was held on July 30, 2026, at which counsel for both Plaintiffs and Defendant were present and presented argument to the Court.

5. The Court denied the TRO Motion, finding in relevant part:

> I think this is inappropriate for a TRO or preliminary injunction on these facts. I don't see, necessarily a likelihood of success on the merits and irreparable injury if an injunction isn't issued. I think that these are creative legal theories, but I don't think that this case merits any different analysis than a standard contract dispute where a license is involved. . . . So I will say that we will move this case along, and if there's any significant change, you can let me know, and I can revisit this application.

*See* Transcript of the Hearing [Dkt 41].

6. After verbally haranguing Plaintiffs' counsel at length about their "unprofessional" behavior in having sought an *Ex Parte* Temporary Restraining Order, on August 11, 2026, Defendant filed a *Notice of Motion for Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Powers* [Dkt. 43], a *Declaration of Caren Decter in Support of Defendant Vladislav Popov's Motion for Sanctions* [Dkt. 44] and a *Memorandum of Law in Support of his Motion for Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Powers* [Dkt. 45] (collectively, the "**Sanctions Motion**") [Dkt. 43].

7. The basis alleged by Defendant for sanctions against Plaintiff, together with its individual attorneys and their law firms, was that the TRO Motion "was without color and pursued in bad faith to harass [Defendant] and obtain improper competitive and litigation leverage".

8. Plaintiffs, on August 25, 2026, filed their *Response in Opposition to Defendant Vladislav Popov's Motion for Sanctions* [Dkt. 47] (the "**Response**"), setting forth in detail the legal and factual deficiencies in Defendant's Motion. The Response is adopted in its entirety herein, as if set forth in full.

9. As is clear from the Response, from the entirety of the Transcript cited briefly above, and from Plaintiff's September 23, 2026 *Declaration of Brandon Ha in Support of Plaintiff Boss Studio LLC's Sur-Reply in Opposition to Defendant Popov's Motion for Sanctions* [Dkt. 64], the TRO Motion was not without color or merit. That the Court did not grant the relief sought is no basis for sanctions. The opposite is true, however, for the conduct of one party in seeking to use sanctions as a cudgel to punish the other for advancing legal theories on which they disagree.

## CERTIFICATION OF COMPLIANCE WITH FED. R. CIV. P. 11(c)

On September 3, 2026, counsel for Plaintiff provided a copy of this Motion to counsel for Defendant, along with a demand that the Sanctions Motion be withdrawn. Defendant provided a response via counsel refusing to withdraw the Sanctions Motion and, after Twenty-One (21) days, Defendant had failed or refused to withdraw the Sanctions Motion.

## ARGUMENT & AUTHORITY

### A. Standard for Sanctions Under Rule 11

Generally, Fed. R. Civ. P. 11 "imposes an affirmative duty on parties and counsel to ensure that all papers filed with the Court are factually and legally well-founded." *Andre v. Warden, FCI Danbury*, 827 F.Supp.3d 294, 303 (D.Conn. 2025). The rule places upon each attorney an affirmative obligation to inquire as to the viability of their pleading before signing and submitting it to the Court. *Galin v. Hamada*, 283 F.Supp.3d 189, 201 (S.D.N.Y. 2017). Where the arguments proffered in the relevant pleading are objectively unreasonable, the attorney's signature and

submission of the same is sanctionable under Rule 11. *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 387-88 (2d Cir. 2003). "Rule 11 'is not aspirational; it is the minimal standard of honesty that keeps the adversarial process tethered to reality.'" *Andre*, 827 F.Supp.3d at 303 (quoting *Mattox v. Prod. Innovations Rsch., LLC*, 807 F.Supp.3d 1341, 1346-47 (E.D. Okla. 2025)).

Abundantly clear from the interpretive authority, and even from the Comments to Rule 11 themselves, "the filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions." Fed. R. Civ. P. 11, Advisory Committee Notes. The Second Circuit and its District Courts have affirmed this rule on several occasions, and in no uncertain terms. *On Time Aviation, Inc. v. Bombadier Capital, Inc.*, 354 Fed.Appx. 448, 451 (2d Cir. 2009) (sanctions appropriate where the "attorney's own motion for sanctions against defendant's counsel was unsupported by the record and objectively unreasonable[.]") (citation omitted); *see also Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407, 421 (S.D.N.Y. 2003); *see also E. Gluck Corporation v. Rothenhaus*, 252 F.R.D. 175, 179 (S.D.N.Y. 2008); *see also Gissendaner v. Credit Corp Solutions, Inc.*, 358 F.Supp.3d 213 (W.D.N.Y. 2019); *see also Mills v. Genesee*, No. 1:11-cv-00383-MAT, 2016 WL 6037982, *3 (W.D.N.Y. Oct. 14, 2016). In *In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*, the Third Circuit upheld an award of sanctions against an attorney whose motion in the underlying case was filed pursuant to 28 U.S.C. § 1927 "fail[ed] mightily to show why the court should sanction [opposing counsel]" and "did not advance a coherent legal argument as to why [opposing counsel] should be sanctioned." 278 F.3d 175, 187 (3d Cir. 2002) (internal quotations omitted).

**B. Defendant's Conduct Is Sanctionable**

Sanctions are inappropriate where their effect would be to punish a party "for availing itself of a right provided by the Federal Rules[.]" *Matthew Bender & Co., Inc. v. West Pub. Co.*, 240 F.3d

116, 126 (2d Cir. 2001). "To allow fees on this basis would be to deter the exercise of rights afforded to litigants in federal court." *Id*. (Citation omitted). This Court has found on at least one occasion that moving for temporary injunctive relief is not, in and of itself, sanctionable conduct. *Weiss v. Weiss*, 984 F.Supp. 682 (S.D.N.Y. 1997). The *Weiss* court went so far as to find that even had the contents of the original motion for injunctive relief been unfounded, it "would view it as an isolated incident in a bitterly contested litigation, and not as suggesting the need for a monetary award in order to deter either plaintiff's attorney or others similarly situated from a repetition of such conduct." *Id*. at 686. Legal arguments that are found to be incorrect cannot alone establish the bad faith necessary for an award of sanctions. *ED Capital, LLC v. Bloomfield Investment Resources Corp.*, 316 F.R.D. 77, 83 (S.D.N.Y. 2016). This is consistent with the position taken by other federal courts interpreting the same statutes. *See In re Airspeed Hawaii, Ltd.*, 17 B.R. 510, 514 (Bankr. D. Hawaii 1982) ("In the absence of a showing that [a] Motion for Temporary Restraining Order was brought in bad faith, there is no equitable basis to tax Defendant's attorney's fees upon the Debtor or its attorney.").

*Ex Parte* Temporary Restraining Orders are permitted by Fed. R. Civ. P. 65(b)(1)(B)(b), and by this Court's Local Civil Rule 6.1(d). *See also Garcia v. Yonkers School Dist.*, 561 F.3d 97, 106 (2d Cir. 2009) ("Unlike a preliminary injunction, a temporary restraining order is not constrained by Rule 65(a)'s requirement of notice to the adverse party.") (Citation omitted). Defendant's position, that Plaintiff and its attorneys should be sanctioned for exercising the right provided by the FRCP to seek an *ex parte* Temporary Restraining Order, is similar to the one disposed of by the reviewing court in *Complete Auto Transit, Inc. v. Chauffers, Teamsters and Helpers Local Union No. 414, Intern. Broth. Of Teamsters*, as follows:

> The court is not persuaded by the Union's alarmist approach in its Motion for Sanctions, and in its Reply to Complete's Memorandum of Law in Opposition. The

> gist of the Union's argument is that because the court ruled in the Union's favor and against Complete on Complete's request for a TRO, preliminary injunctive relief, and request to vacate the Board's decision, Complete's position on the merits were frivolous, and therefore, the court should impose sanctions against Complete.
>
> However, the Union's argument is without merit. As noted *supra*, the Union exhausts an enormous amount of energy in making the argument that sanctions are warranted, but '[h]e draweth out the thread of his verbosity finer than the staple of his argument.' William Shakespeare, Love's Labour's Lost act 4, sc. 3.

848 F.Supp. 848, 850-51 (N.D. Ind. 1994).

The Court's power to sanction litigants and their attorneys under 28 U.S.C. § 1927 "carries with it the potential for abuse, and therefore the statute should be construed narrowly and with great caution, so as **not to 'stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.**'" *Mone v. C.I.R.*, 774 F.2d 570, 574 (2d Cir. 1985) (emphasis added). This is precisely what the Sanctions Motion asks this Court to do, seeking an order sanctioning Plaintiffs for advancing what the Court has deemed to be, at worst, "creative legal theories". *See* Transcript of the Hearing [Dkt 41].

Whatever legal posturing is present in the Sanctions Motion (which is addressed at length and in detail in Plaintiffs' Response, adopted and incorporated herein by reference), it is clear from the record that Defendant seeks to have Plaintiff Boss Studio and Plaintiffs' attorneys sanctioned for the sole reason that it had the gall to avail itself of the Federal Rules of Civil Procedure and ask this Court for an *Ex Parte* Temporary Restraining Order ("**TRO**"). The Court need look no further than the declaration submitted by Ms. Decter in support of her Sanctions Motion, which is fourteen paragraphs long and makes no mention whatsoever of the merits of Plaintiff's TRO Motion. It focuses instead entirely on the amount of time, effort, and inconvenience incurred by Defendant's counsel in having to respond, prepare for, and travel to the Hearing. Indeed, it is curious that

Defendant's counsel was required to apparently work so hard in order to oppose what she now claims was a patently meritless motion.

Regardless, the purported inconvenience incurred by Defendant's counsel was undertaken entirely at her own discretion. The nature of an *ex parte* TRO is that it is what it claims to be – *ex parte*. Its merits are assessed by the Judge alone and, if issued, it is strikingly short in nature to allow the opposing party to appear and dispute its allowability at the earliest possible moment. *See Garcia*, 561 F.3d at 106, 107 (2d Cir. 2009) ("Unless extended, even a temporary restraining order properly issued without notice to the adverse party or its counsel expires within no more than ten days after entry"). Even the Court, at the Hearing, was surprised and confused by the appearance and participation of opposing counsel. *See* the Hearing Transcript [Dkt. 41] ("THE COURT: Mr. Levy, let's discuss. I'm surprised to see the defense here because you requested an *ex parte* preliminary restraining order.").

The truth is no basis exists under which Plaintiff or its counsel should be sanctioned—a fact which should have been clear to Defendant's attorneys in assessing the viability of their Sanctions Motion. In proceeding to seek sanctions, Defendant's counsel did exactly what they accused Plaintiffs' counsel to have done. They filed a baseless motion for the sole purpose of harassing Plaintiff, unnecessarily expanding the motion practice necessary in this suit, and delaying a resolution on the merits. As set forth in detail above, a request for sanctions is, itself, sanctionable, and the Court should issue sanctions accordingly.

**CONCLUSION**

A motion for sanctions is not a vehicle providing safe harbor for sanctionable conduct on the part of the moving party. Allegations of meritless legal arguments do not provide a free pass to make meritless legal arguments. The Sanctions Motion submitted by Defendant's counsel ignores

these precepts, and has forced Plaintiff to incur significant additional costs to avoid being sanctioned for having availed itself of certain procedural mechanisms permitted by law. This is inequitable, and should be rectified by the award of sanctions against Defendant's attorneys. Plaintiffs respectfully request that the Court issue sanctions under Fed. R. Civ. P. 11 against attorneys Caren Decter, Jeremy Goldman, Peter A. Devlin, and Regina Gerhardt, and against the Law Firm Frankfurt Kurnit Klein + Selz, PC, and for such other relief as the Court deems equitable and just.

Dated: New York, NY
September 28, 2026

**PERAINO MALINOWSKI LLP**

By: __/s/*David M. Peraino*________
David M. Peraino, Esq.
152 Madison Ave, 16th Floor
New York, NY 10016
(646) 454-0313
dperaino@pmlaw.nyc

*Attorneys for Plaintiff Rehaab Haque*

**MARKOWITZ HERBOLD PC**

____/s/*Joseph M. Levy*____________
Joseph M. Levy, *admitted pro hac vice*
JosephLevy@MarkowitzHerbold.com
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085

Harry B. Wilson, NY # 5864483
HarryWilson@MarkowitzHerbold.com
603 3rd Avenue, Floor 16
New York, NY 10158
Telephone: (212) 909-2610

*Attorneys for Plaintiff Boss Studio LLC*